FILED

Amir J. Goldstein, Esq. (SBN 255620)
ajg@consumercounselgroup.com
5455 Wilshire Boulevard, Suite 1812
Los Angeles, CA 90036
Tel 323.937.0400
Fax 866.288.9194

Attorney for Plaintiff

2014 JAN -7 AM 11:30

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLEEN GORDON, <br><br> Plaintiff, <br><br> v. <br><br> PACIFIC ACQUISITIONS & ASSOCIATES, LLC and DOES 1 through 10 inclusive, <br><br> Defendants. | CASE NO.: EDCV14-00029-JGB (DTB) <br><br> COMPLAINT FOR DAMAGES |

Plaintiff, by and through her attorney, Amir J. Goldstein, Esq., as and for her complaint against the Defendant PACIFIC ACQUISITIONS & ASSOCIATES, LLC alleges as follows:

### INTRODUCTION

1. This is an action for damages brought by an individual for the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, *et seq.* ("Rosenthal Act") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## PARTIES

2. Plaintiff is a natural person residing in San Jose, California.

3. Upon information and belief, the Defendant is a "debt collector" as defined pursuant to 15 U.S.C. § 1692a(6), incorporated under the laws of Delaware, with its principal place of business in Mira Loma, California.

## JURISDICTION

4. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k (FDCPA) and 28 U.S.C. § 1331. Venue is proper in this district pursuant to 28 U.S.C. § 1391(c), as the Defendant resides and regularly conduct business in this district.

## FIRST CAUSE OF ACTION

5. Plaintiff realleges paragraphs 1 through 4 as if fully restated herein.

6. That a personal debt was allegedly incurred by the Plaintiff to one Plains Commerce Bank.

7. That at a time unknown to Plaintiff herein, the aforementioned debt was referred and/or assigned to Defendant for collection.

8. That on or about November 2013 through on or about December 2013, Defendant's agents called Plaintiff incessantly in an attempt to collect a debt.

9. That on or about November 12, 2013, Defendant's agent, one **"Miles Gordon"** called Plaintiff from **951.547.5480**, a number that, upon information and belief, belongs to Defendant.

10. That Defendant informed Plaintiff that the phone call was regarding "file #1706."

11. That Defendant's agent did not meaningfully identify himself as a representative of a debt collection agency, nor did he make the proper disclosures as required by law.

12. That Plaintiff, feeling anxious and confused, returned Defendant's phone call and spoke to Defendant's agent.

13. That Defendant's agent **"Miles Gordon"** demanded an immediate payment from Plaintiff via credit card.

14. That Plaintiff told Defendant that she needed to time to verify the debt and requested validation of the debt from Defendant.

15. That in response, Defendant informed Plaintiff that he could not provide her with anything in writing, told her to contact the creditor and gave her a phone number to call.

16. That Defendant's agent deceptively advised Plaintiff that there was no way for her to get out of the debt and that the statute of limitations would not apply to her account.

17. That Defendant threatened Plaintiff with court documents and warned her that she would be served at her place of employment.

18. That Defendant, to further intimidate Plaintiff, informed Plaintiff that her credit reports had been requested and pulled by Defendant.

19. That on or about November 13, 2013, Defendant called Plaintiff at her place of employment as well as on her cell phone in an attempt to collect the alleged debt.

20. That Defendant left Plaintiff a voice message which stated in pertinent part:

> "Colleen. This is Miles calling you from Pacific Acquisitions…I need you to contact me ASAP… if I don't hear back from you, my hands are tied. They're going to go ahead and move forward…"

21. That Defendant's agent did not meaningfully identify himself as a representative of a debt collection agency, nor did he make the proper disclosures as required by law.

22. That Plaintiff returned Defendant's call and requested that any communications be memorialized in writing, at which point Defendant agreed to e-mail Plaintiff.

Complaint for Damages

23. That on or about November 14, 2013, Plaintiff contacted Defendant's agent to inform him that she hadn't received anything from Defendant through e-mail.

24. That Defendant warned Plaintiff that the matter must be resolved by 12:00 noon that day, otherwise, Plaintiff would be served with papers.

25. That just a few hours later, Defendant contacted Plaintiff again to advise her that he was doing his best to "hold off the Legal Administrator" from serving her with legal documents.

26. That approximately two hours later, another one of Defendant's agents, one **"Tom Bolin"** (sp) contacted Plaintiff in an attempt to collect the aforementioned debt.

27. That in an effort to scare, abuse and pressure Plaintiff into making a payment, Defendant's agent became aggressive with her and demanded that Plaintiff take care of the matter by the end of business day.

28. That approximately two and a half hours later, Defendant's agent, Mr. Gordon, called Plaintiff again, urged her to handle the matter that day in order to avoid legal action and left her the following voice message which stated in pertinent part:

> "Colleen. I don't know what happened with you and the legal administrator here…if I don't hear back from you in the hour, go ahead and check your email and he'll go ahead and get you out the suit information….I don't know what happened, but you know, he's ready to go ahead and basically show you that he means business…He'll send you a copy of the suit and we'll go from there."

29. That Defendant's agent did not meaningfully identify himself as a representative of a debt collection agency, nor did he make the proper disclosures as required by law.

30. That one hour later, Defendant's agent, Mr. Bolin, called Plaintiff, became verbally violent with her and angrily accused her of wasting his time.

31. That Mr. Bolin deceptively denied having any communication with Mr. Gordon.

32. That Defendant's agent Mr. Bolin warned Plaintiff that she in fact would be served.

33. That Defendant's agents engaged in a pattern of repeated phone calls to Plaintiff throughout the day in an effort to abuse, scare and harass Plaintiff.

34. That on or about November 15, 2013, Defendant's agent, to coerce immediate payment from her, advised Plaintiff that she would be served with legal documents and to expect them by the following Monday.

35. That on or about November 18, 2013, (that following Monday) Defendant's agent, Mr. Bolin, spoke with Plaintiff in an attempt to collect the aforementioned debt.

36. That in said communication, Defendant's agent called Plaintiff a liar and angrily accused her of wasting his time.

37. That Defendant's agent further reiterated that Plaintiff was involved in lawsuit where she would be responsible for the legal fees and costs and that she could avoid legal action if she resolved the matter by that same day.

38. That on or about November 18, 2013, Defendant contacted Plaintiff in an attempt to collect a debt and left her a voice message which stated in pertinent part:

> "... I've been in this business a long time and I can count on one hand the number of times I've had somebody just blatantly be dishonest with me and waste my time. I've had people just flat out refuse to resolve issues with us, I've had people do a number of things that would be considered inappropriate, but just out right lying and having me sending emails and faxes and all this different type of thing - one hand - and I've been in this business nearly 35 years...

> "...I'm going to be preparing the lawsuit this morning. I'm going to be sending you the civil codes, one of which is CCP 1033 related to litigation and costs. The other is going to be... the CCP statutes regarding what constitutes an agreement. You don't have to sign anything.

> "...we are going to enforce that agreement once I file the lawsuit meaning that I've paid the fees to the superior court then you're

   going to have to pay the entire amount of the settlement plus costs…

"…so look for those documents before noon…"

39. That Defendant's agent did not meaningfully identify himself as a representative of a debt collection agency, nor did he make the proper disclosures as required by law.

40. That on or about December 19, 2013, Defendant contacted Plaintiff in an attempt to collect a debt and left her a voice message which stated in pertinent part:

"… wanted to let you know that the lawsuit that we had discussed and that I had sent you a copy of is scheduled to be filed in the Santa Clara County Superior Court, downtown San Jose early next week…it will be going out for service once the court gives the process server the conformed copies…its going to be served at your business address…

41. That Defendant's agent, to further confuse, intimidate, mislead and scare Plaintiff, warned her in pertinent part:

"…the attorney service or the process server may be in touch with you to determine whether or not you want to accept service personally when he gets there or …as opposed to having him attempting to serve you personally, so that means looking for you and then ultimately sub-serving it with one of the employees or HR or whatever so that's something that you need to work out with them, but I have told, in this case as I do with every case for them to contact you and at least give you that option.

"…there really is no excuse here…"

"… Keep in mind that once the complaint is filed and you're served there is no settlement so that means you are going to pay the full amount on the lawsuit, plus our costs plus process server fee, so if you want to discuss this, now is the time to do it because I won't be discussing it with you after next week. My number here is 855-715-7568 ext 210."

42. That Defendant's agent did not meaningfully identify himself as a representative of a debt collection agency, nor did he make the proper disclosures as required by law.

43. That on or about December 13, 2013 through on or about December 20, 2013, Plaintiff received several phone calls from a person who purported to be one **"Chris,"** Defendant's process server.

44. That "Chris" continuously called Plaintiff from a blocked phone number at her place of employment and would refuse to leave a message or a call back number.

45. That upon information and belief, the alleged process server acted as Defendant's agent and contacted Plaintiff multiple times in an attempt to abuse, intimidate and pressure Plaintiff into making a payment.

46. That once Plaintiff was able to speak with "Chris" directly, he warned her that papers would be filed and that he would be at her office.

47. That Chris, in an attempt to further pressure Plaintiff, continued to call Plaintiff to set up a time when he could meet her and serve her.

48. That on or about December 23, 2013, Defendant called Plaintiff's phone multiple times in the span of three minutes and left her a voice message which stated in pertinent part:

> "You sound so nice and courteous on that voicemail. I'm hoping that you will allow the court to experience the real you at trial…
>
> "…If anybody should be offended, its me with your behavior…
>
> "…But here's the deal – we're going to have to send a representative over perhaps I myself might attend the trial up there in your neck of the woods. We are going to ask the Court to award any expenses that we incur as a result of wasting our time over this frivolous matter that you entered into…in addition to the Court's wasted time…
>
> "…so we'll look forward to seeing you and as I said I hope that you behave in the manner that is most reflective of your real behavior pattern or your real personality as opposed to the nice greeting on your voicemail and the way that you attempted to get me to do the things you wanted me to do earlier on. Good luck to you."

49. That Defendant's agent did not meaningfully identify himself as a representative of a debt collection agency, nor did he make the proper disclosures as required by law.

50. That as a result of Defendant's conduct, Plaintiff suffered actual damages, including, but not limited to: stress, anxiety, extreme humiliation and sleepless nights.

51. That Defendant's communications caused Plaintiff to feel physically ill, so much so that she had to pull herself away from her work.

52. That Defendant, in an attempt to collect a debt, engages in a pattern or practice of communicating with consumers where the representations made by the Defendant are confusing, misleading, deceptive and/or unfair.

53. That Defendant's conduct violates 15 U.S.C. 1692 et seq., including but not limited to subsections (d), (e) and (g) in that the representations made by the Defendant are false, confusing, misleading, deceptive, harassing, unfair and fail to advise the consumer of her legal rights as required by law.

   i. Defendant has violated § 1692d(5) by causing Plaintiff's phone to ring repeatedly and continuously with intent to annoy, abuse or harass Plaintiff at the called number(s);

   ii. Defendant has violated §1692d(6) by placing telephone calls without meaningful disclosure of the caller's identity;

   iii. Defendant has violated §1692e by employing deceptive means in an attempt to collect a debt;

   iv. Defendant has violated §1692e(2) by falsely representing the character, amount, or legal status of the alleged debt;

   v. Defendant has violated §1692e(11) by failing to disclose in subsequent communications that the communication is from a debt collector; and

   vi. Defendant has violated §1692g by using overshadowing language to confuse the least sophisticated consumer as to her legal rights.

54. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violations, the Defendant is liable to the Plaintiff for actual damages and statutory damages in an amount to be determined at the time of trial but not less that $1,000.00 per violation, plus costs and attorney's fees.

## AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF

55. Plaintiff realleges paragraphs 1 through 54 as if fully restated herein.

56. The Rosenthal Fair Debt Collection Practices Act (Rosenthal Act), California Civil Code § 1788, et seq., prohibits unfair and deceptive acts and practices in the collection of consumer debts.

57. By its acts and practices as hereinabove described, the Defendant has violated the Rosenthal Act as follows, without limitation:

   i. By causing a telephone to ring repeatedly or continuously to annoy, Defendant has violated §1788.11(d);
   ii. By communicating with such frequency as to be unreasonable and to constitute harassment, Defendant has violated §1788.11(e);
   iii. By failing to provide accurate disclosures as required by law; and
   iv. By the above-referenced violations of the FDCPA, Defendant has violated §1788.17.

58. Pursuant to § 1788.30 of the Rosenthal Act, Plaintiff is entitled to recover her actual damages sustained as a result of the Defendant's violations of the Rosenthal Act. Such damages include, without limitation, statutory damages, any actual damages sustained, other resulting monetary losses and damages, and emotional distress suffered by Plaintiff, which damages are in an amount to be proven at trial.

59. In addition, because the Defendant's violations of the Rosenthal Act were committed willingly and knowingly, Plaintiff is entitled to recover, in addition to

her actual damages, penalties of at least $1,000 per violation as provided for in the Act.

60. Pursuant to § 1788.30(c) Rosenthal Act, Plaintiff is entitled to recover all attorneys' fees, costs and expenses incurred in the bringing of this action.

**WHEREFORE,** Plaintiff respectfully prays that judgment be entered against Defendant in the amount of:

(a) Statutory damages and actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial on the first cause of action.

(b) Statutory damages and actual damages pursuant to Civil Code §1788.30 *et seq.*, as to the second cause of action.

(c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and Civil Code §1788.30, *et seq.*

(d) For such other and further relief as may be just and proper.

(e) Plaintiff requests trial by jury on all issues so triable.

Dated: January 6, 2014

AMIR J. GOLDSTEIN, ESQ.

Amir J. Goldstein
Attorney for Plaintiff
5455 Wilshire Boulevard, Suite 1812
Los Angeles, CA 90036
Tel 323.937.0400
Fax 866.288.9194

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge __Jesus G. Bernal__ and the assigned Magistrate Judge is __David T. Bristow__.

The case number on all documents filed with the Court should read as follows:

**EDCV14-00029-JGB (DTBx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

January 7, 2014                          By  MDAVIS
Date                                         Deputy Clerk

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

☐ Western Division
312 N. Spring Street, G-8
Los Angeles, CA 90012

☐ Southern Division
411 West Fourth St., Ste 1053
Santa Ana, CA 92701

☒ Eastern Division
3470 Twelfth Street, Room 134
Riverside, CA 92501

**Failure to file at the proper location will result in your documents being returned to you.**

---

CV-18 (08/13)                     NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I. (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

COLLEEN GORDON.

**DEFENDANTS** (Check box if you are representing yourself ☐)

PACIFIC ACQUISITIONS & ASSOCIATES, LLC

**(b) County of Residence of First Listed Plaintiff** Santa Clara
(EXCEPT IN U.S. PLAINTIFF CASES)

**County of Residence of First Listed Defendant** _____
(IN U.S. PLAINTIFF CASES ONLY)

**(c) Attorneys** (Firm Name, Address and Telephone Number) If you are representing yourself, provide the same information.

Amir J. Goldstein, Esq.
The Law Offices of Amir J. Goldstein
5455 Wilshire Blvd. Suite 1812, Los Angeles, CA 90036
Tel: 323.937.0400

**Attorneys** (Firm Name, Address and Telephone Number) If you are representing yourself, provide the same information.

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1. U.S. Government Plaintiff
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1. Original Proceeding
- ☐ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from Another District (Specify)
- ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No  (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT:** $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. 1692 et seq; violations of the Fair Debt Collection Practices Act ("FDCPA")

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☒ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accomodations | ☐ 740 Railway Labor Act | |
| | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number: EDCV14- 00029

CV-71 (11/13)   CIVIL COVER SHEET   Page 1 of 3

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Yes  ☒ No | ☐ Los Angeles | Western |
| If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B: Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | A PLAINTIFF? Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT? Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| ☐ Yes  ☒ No | ☐ Los Angeles | ☐ Los Angeles | Western |
| If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? (Make only one selection per row) | A. Los Angeles County | B. Ventura, Santa Barbara, or San Luis Obispo Counties | C. Orange County | D. Riverside or San Bernardino Counties | E. Outside the Central District of California | F. Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ |
| Indicate the location in which a majority of claims arose: | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ |

**C.1.** Is either of the following true? If so, check the one that applies:

☐ 2 or more answers in Column C

☐ only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the
SOUTHERN DIVISION.
Enter "Southern" in response to Question D, below.

If none applies, answer question C2 to the right. ➡

**C.2.** Is either of the following true? If so, check the one that applies:

☒ 2 or more answers in Column D

☐ only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the
EASTERN DIVISION.
Enter "Eastern" in response to Question D, below.

If none applies, go to the box below. ⬇

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | EASTERN DIVISION |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court** and dismissed, remanded or closed? [X] NO [ ] YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Have any cases been previously filed **in this court** that are related to the present case? [X] NO [ ] YES

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)
[ ] A. Arise from the same or closely related transactions, happenings, or events; or
[ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or
[ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or
[ ] D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):** _[signature]_  DATE: 1/6/14

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |